

# MEMORANDUM

**To:** Honorable U.S. District Judge Assigned

**From:** Brett L. Wingard
U.S. Probation Officer

**Re:** Dong Van Nguyen - Dkt. #08-CR-10336
**Request for Clarification**

**Date:** April 25, 2012

Background

On 5/26/11, Dong Van Nguyen, having previously been convicted of Conspiracy to Distribute and to Possess with Intent to Distribute MDMA and Marijuana, in violation of 21 U.S.C. § 846, was sentenced by the Honorable Nancy Gertner, U.S. District Judge, to 48 months' custody, followed by 36 months' supervised release. At the sentencing hearing, the Court imposed a number of special conditions of supervised release.

The Issue Requiring Clarification

Mr. Nguyen is scheduled to be released from custody on 5/9/12, at which point he will commence his term of supervised release. In preparing for Mr. Nguyen's release, the Probation Office has identified a discrepancy in the record regarding the special conditions of supervised release that were imposed.

According to a transcript of the 5/26/11 sentencing hearing, the Court concluded the sentencing hearing by stating, "So I would add the first six months of supervised release here would be in a halfway house, then that becomes a condition of supervised release over which probation has control ... And I would say a halfway house or drug treatment facility, whichever probation determines. Okay. Thank you." Additionally, docket entries (dated 5/26/11 and 6/3/11) read, in relevant part, "Court imposes a sentence of 48 months on count I with credit for time served, followed by 36 months of SR, the first 6 months of which in a halfway house or transitional confinement." However, the J&C (released on 6/3/11) does not list a special condition requiring a 6-month placement at a Residential Re-Entry Center, in transitional confinement, or in an in-patient drug abuse treatment center. (The transcript, the docket, and the J&C all list a special condition for

Dong Van Nguyen April 25, 2012
Dkt. #08-CR-10336

substance abuse, mental health, and gambling-specific treatment.) The Bureau of Prisons advises that it will accept only an Amended J&C and/or formal modification listing the RRC special condition in order to process an RRC referral.

The Probation Office's Recommendation

The Probation Office interprets the record to suggest that the Court intended to impose a special condition for a 6-month placement immediately upon Mr. Nguyen's release from custody, as initially suggested by defense counsel at the sentencing hearing. Based on information contained in the presentence report, it is not clear that an in-patient substance abuse treatment placement is warranted at this time. (Mr. Nguyen will likely be referred for out-patient treatment, and the existing special conditions are sufficient to support an in-patient referral, if necessary.) The Probation Office also notes that Mr. Nguyen does not have an approved release address at this time, so he may not have a stable residence to go to upon his release anyway. Therefore, to fulfill the sentencing court's intent and to address Mr. Nguyen's potential housing issue, the Probation Office respectfully suggests that the Court clarify the record by imposing the following special condition:

**The defendant shall reside at a Residential Re-Entry Center for a period of six (6) months upon his release from custody. The defendant shall abide by the rules of the facility.**

If the Court has any questions, or if I may be of assistance in any way, please feel free to call me at 617-748-9192, or email me at brett_wingard@map.uscourts.gov.

Reviewed/Approved by:                    Respectfully submitted by:

/s/ Joseph LaFratta                      /s/ Brett L. Wingard
Joseph LaFratta                          Brett L. Wingard
Supervising U.S. Probation Officer       U.S. Probation Officer

---

[ ]   The above-noted special condition is imposed
[ ]   Other: _____
      _____
      _____

_____
Signature of Judicial Officer

_____
Date